## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE:

DOUG LONGHINI,

      Plaintiff,

v.

17070 COLLINS AVENUE SHOPPING
CENTER, LTD.; RK HALLANDALE
LIMITED PARTNERSHIP.; ROSS
DRESS FOR LESS INC.; BURLINGTON
COAT FACTORY WAREHOUSE
CORPORATION; FIVE BELOW, INC.;
P16, LLC; 88 ZEST, LLC; WES TAYTA
CORPORATION; VISTAR
HALLANDALE LLC;
PANERA, LLC; BIG LOTS STORES,
INC.; and ICE CREAM OF
HALLANDALE LLC,

      Defendants.

_____/

## **COMPLAINT**

Plaintiff, DOUG LONGHINI, individually and on behalf of all other similarly situated

mobility-impaired individuals (hereinafter "Plaintiff"), sues 17070 COLLINS AVENUE

SHOPPING CENTER, LTD., RK HALLANDALE LIMITED PARTNERSHIP., ROSS DRESS

FOR LESS INC.; BURLINGTON COAT FACTORY WAREHOUSE CORPORATION; FIVE

BELOW, INC.; P16, LLC; 88 ZEST, LLC; WES TAYTA CORPORATION; VISTAR

HALLANDALE LLC; PANERA, LLC; BIG LOTS STORES, INC.; and ICE CREAM OF

HALLANDALE LLC (hereinafter "Defendants"), and as grounds alleges:

JURISDICTION, PARTIES, AND VENUE

1.    This is an action for injunctive relief, a declaration of rights, attorneys' fees,

litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with

Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2.     The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4.     Plaintiff, DOUG LONGHINI, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

5.     At all material times, Defendant 17070 COLLINS AVENUE SHOPPING CENTER, LTD. and operated a retail business at 1401 E. Hallandale Beach Boulevard, Hallandale Beach, Florida[1] (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida.

6.     At all material times Defendant 17070 COLLINS AVENUE SHOPPING CENTER, LTD. was a Florida Limited Partnership organized under the laws of the state of Florida with its principal place of business in Sunny Isles Beach, Florida and conducted a substantial amount of business in Broward County, Florida.

7.     At all material times, Defendant RK HALLANDALE LIMITED PARTNERSHIP. owned and operated a retail business at 1401 E. Hallandale Beach Boulevard, Hallandale, Florida[2]

---

[1] The Property includes the following addresses: 1401-141405 E Hallandale Beach Boulevard, Hallandale Beach, Florida; 1405-1995 E Hallandale Beach Boulevard, Hallandale Beach, Florida. The Properties share many common elements including parking, walkways and even signage. Patrons would be unaware of the changes in parcels as they traverse the Property. The Properties share common ownership.

[2] The Property includes the following addresses: 1401-141405 E Hallandale Beach Boulevard, Hallandale Beach, Florida; 1405-1995 E Hallandale Beach Boulevard, Hallandale Beach, Florida. The Properties share many common elements including parking, walkways and even signage. Patrons would be unaware of the changes in parcels as they traverse the Property. The Properties share common ownership.

(hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida.

8.      At all material times Defendant RK HALLANDALE LIMITED PARTNERSHIP. was a Florida limited Partnership organized under the laws of the state of Florida, with its principal place of business in Miami Beach, Florida and conducted a substantial amount of business in Broward County, Florida.

9.      At all material times, Defendant ROSS DRESS FOR LESS INC. owned and operated a retail business at 1401 E. Hallandale Beach Boulevard, Hallandale, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida.

10.      At all material times Defendant ROSS DRESS FOR LESS INC.. was a Foreign Profit Corporation organized under the laws of the state of Virginia, with its principal place of business in Dublin, California and conducted a substantial amount of business in Broward County, Florida.

11.      At all material times, Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION. owned and operated a retail business at 1401 E. Hallandale Beach Boulevard, Hallandale, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida.

12.      At all material times Defendant BURLINGTON COAT FACTORY WAREHOUSE CORPORATION. was a Foreign Profit Corporation organized under the laws of the state of Delaware, with its principal place of business in Burlington, New Jersey and conducted a substantial amount of business in Broward County, Florida.

3

13.     At all material times, Defendant FIVE BELOW, INC. owned and operated a retail business at 1401 E. Hallandale Beach Boulevard, Hallandale, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida.

14.     At all material times Defendant FIVE BELOW, INC. was a Foreign Profit Corporation organized under the laws of the state of Pennsylvania, with its principal place of business in Philadelphia, Pennsylvania and conducted a substantial amount of business in Broward County, Florida.

15.     At all material times, Defendant P16, LLC owned and operated a retail business at 1401 E. Hallandale Beach Boulevard, Hallandale, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida.

16.     At all material times Defendant P16, LLC was a Florida Limited Liability Company organized under the laws of the state of Florida, with its principal place of business in Hallandale Beach, Florida, and conducted a substantial amount of business in Broward County, Florida.

17.     At all material times, Defendant  88 ZEST, LLC owned and operated a retail business at 1401 E. Hallandale Beach Boulevard, Hallandale, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida.

18.     At all material times Defendant  88 ZEST, LLC was a Florida Limited Liability Company organized under the laws of the state of Florida, with its principal place of business in Hallandale Beach, Florida, and conducted a substantial amount of business in Broward County, Florida.

4

19.      At all material times, Defendant WES TAYTA CORPORATION owned and operated a retail business at 1401 E. Hallandale Beach Boulevard, Hallandale, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida.

20.      At all material times Defendant WES TAYTA CORPORATION was a Florida Profit Corporation organized under the laws of the state of Florida, with its principal place of business in Hallandale Beach, Florida, and conducted a substantial amount of business in Broward County, Florida.

21.      At all material times, Defendant VISTAR HALLANDALE LLC owned and operated a retail business at 1401 E. Hallandale Beach Boulevard, Hallandale, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida.

22.      At all material times Defendant VISTAR HALLANDALE LLC was a Florida Limited Liability Company organized under the laws of the state of Florida, with its principal place of business in Hallandale Beach, Florida, and conducted a substantial amount of business in Broward County, Florida.

23.      At all material times, Defendant PANERA, LLC owned and operated a retail business at 1401 E. Hallandale Beach Boulevard, Hallandale, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida.

24.      At all material times Defendant PANERA, LLC was a Foreign Limited Liability Company organized under the laws of the state of Delaware, with its principal place of business in St. Louis, Missouri, and conducted a substantial amount of business in Broward County, Florida.

25.     At all material times, Defendant BIG LOTS STORES, INC. owned and operated a retail business at 1401 E. Hallandale Beach Boulevard, Hallandale, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida.

26.     At all material times Defendant BIG LOTS STORES, INC. was a Foreign Limited Liability Company organized under the laws of the state of Ohio, with its principal place of business in Columbus, Ohio, and conducted a substantial amount of business in Broward County, Florida.

27.     At all material times, Defendant ICE CREAM OF HALLANDALE LLC owned and operated a retail business at 1401 E. Hallandale Beach Boulevard, Hallandale, Florida (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public accommodation in Broward County, Florida.

28.     At all material times Defendant ICE CREAM OF HALLANDALE LLC was a Florida Limited Liability Company organized under the laws of the state of Florida, with its principal place of business in Hallandale, Florida, and conducted a substantial amount of business in Broward County, Florida.

29.     Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Broward County, Florida, Defendants regularly conduct business within Broward County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Broward County, Florida.

## FACTUAL ALLEGATIONS

30.     Although over twenty-eight (28) years have passed since the effective date of Title III of the ADA, Defendants have yet to make its facilities accessible to individuals with disabilities.

31.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992.  In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants continue to discriminate against people who are disabled in ways that block them from access and use of Defendants' businesses and properties.

32.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance

33.     Plaintiff, DOUG LONGHINI, is an individual with disabilities as defined by and pursuant to the ADA.  DOUG LONGHINI uses a wheelchair to ambulate. DOUG LONGHINI has very limited use of his hands and cannot operate any mechanisms which require tight grasping or twisting of the wrist.  He also has a great deal of trouble walking or otherwise ambulating without the use of a wheelchair.   He is limited in his major life activities by such, including but not limited to walking, standing, grabbing, grasping and/or pinching.

34.     Defendants, 17070 COLLINS AVENUE SHOPPING CENTER, LTD. and RK HALLANDALE LIMITED PARTNERSHIP., own, operate and oversee the Commercial Property, its general parking lot and parking spots.

35.      The subject Commercial Property is open to the public and is located in Hallandale Beach, Broward County, Florida.

36.     The individual Plaintiff visits the Commercial Property and businesses located within the Commercial Property, regularly, to include visits to the Commercial Property and businesses located within the Commercial Property on or about April 17, 2019 and June 20, 2020, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the Commercial Property and businesses located therein.   He often visits the Commercial Property

and businesses located within the Commercial Property in order to avail himself of the goods and services offered there, and because it is approximately thirty-five (35) miles from his residence, and is near his friends' residences as well as other businesses and restaurants he frequents as a patron.  He plans to return to the Commercial Property and the businesses located within the Commercial Property within two (2) months from the date of the filing of this Complaint.

37.     Plaintiff is the President of National Alliance for Accessibility, Inc. and often travels through South Florida to conduct outreach activities on behalf of National Alliance for Accessibility, Inc., to include the Hallandale and South Broward County area. Many members and prospective members have transportation difficulties which requires Plaintiff to travel to visit members and prospective members.

38.     Plaintiff resides nearby in a neighboring County and state as the Commercial Property and the businesses located within the Commercial Property, has regularly frequented the Defendants' Commercial Property and the businesses located within the Commercial Property for the intended purposes because of the proximity to his and his friends' residences and other businesses that he frequents as a patron, and intends to return to the Commercial Property and businesses located within the Commercial Property within two (2) months from the filing of this Complaint.

39.     The Plaintiff found the Commercial Property, and the businesses located within the Commercial Property to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the Commercial Property, and businesses located within the Commercial Property and wishes to continue his patronage and use of each of the premises.

40.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property, and businesses located within the Commercial Property. The

barriers to access at Defendants' Commercial Property, and the businesses located within the Commercial Property have each denied or diminished Plaintiff's ability to visit the Commercial Property, and businesses located within the Commercial Property, and have endangered his safety in violation of the ADA.   The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, DOUG LONGHINI, and others similarly situated.

41.     Defendants, 17070 COLLINS AVENUE SHOPPING CENTER, LTD. and RK HALLANDALE LIMITED PARTNERSHIP., own and operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, 17070 COLLINS AVENUE SHOPPING CENTER, LTD. and RK HALLANDALE LIMITED PARTNERSHIP., are responsible for complying with the obligations of the ADA. The place of public accommodation that Defendants, 17070 COLLINS AVENUE SHOPPING CENTER, LTD. and RK HALLANDALE LIMITED PARTNERSHIP., own and operate the Commercial Property Business located at 1401 E. Hallandale Beach Boulevard, Hallandale.

42.     Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and the businesses located within the Commercial Property, including but not necessarily limited to the allegations in Counts I through XI of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses located within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses located therein, not only to avail himself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure himself that the Commercial

Property and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

43.     Defendants, 17070 COLLINS AVENUE SHOPPING CENTER, LTD. and RK HALLANDALE LIMITED PARTNERSHIP., as landlords and owners of the Commercial Property, are responsible for all ADA violations listed in this Complaint.

44.     Plaintiff, DOUG LONGHINI, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property and businesses located within the Commercial Property, but not necessarily limited to the allegations in Counts I through XI of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, and businesses within the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and businesses within the Commercial Property, not only to avail himself of the goods and services available at the Commercial Property and businesses located within the Commercial Property, but to assure himself that the Commercial Property, and businesses located within the Commercial Property are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property, and businesses located within the Commercial Property without fear of discrimination.

45.     Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property, and businesses located within the Commercial Property, as prohibited by 42 U.S.C. § 12182 et seq.

**COUNT I**
**(AS TO DEFENDANTS 17070 COLLINS AVENUE SHOPPING CENTER, LTD.; RK**

**HALLANDALE LIMITED PARTNERSHIP FOR THE COMMON AREAS)**

46.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 45 above as though fully set forth herein.

47.     Defendants, 17070 COLLINS AVENUE SHOPPING CENTER, LTD. and RK HALLANDALE LIMITED PARTNERSHIP., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

   A.   <u>Parking</u>

i.   The Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: There are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

   B.   <u>Entrance Access and Path of Travel</u>

i.   The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The Plaintiff had difficulty using some of the curb ramps, as the slope of the adjoining road surface has a slope in excess of 5%. Violation: There are curb ramps at the facility that contain excessive slopes at adjacent road surfaces violating Section 4.7.2 of the ADAAG and Sections 406.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The Plaintiff had difficulty traversing the path of travel due to abrupt changes in level. Violation: There are changes in levels of greater than ½ inch, violating Sections 4.3.8 and 4.5.2 of the ADAAG and Section 303 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   The Plaintiff had difficulty using some of the curb ramps, as the slopes are excessive. Violation: There are curb ramps at the facility that contain excessive slopes, violating Section 4.7.2 of the ADAAG and Sections 405.2 and 406.1 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   The Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: There are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

vi.   The Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: The path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.   The Plaintiff had difficulty using ramps, as they are located on an excessive slope. Violation: Ramps at the facility contain excessive slopes, violating Section 4.8.2 of the ADAAG and Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.   The Plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.     The Plaintiff could not enter tenant spaces without assistance, as the required level landing is not provided. Violation: A level landing that is 60 inches minimum perpendicular to the doorway is not provided at accessible entrances violating Section 4.13.6 and Figure 25(a) of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT II
### (AS TO DEFENDANTS 17070 COLLINS AVENUE SHOPPING CENTER, LTD.; RK HALLANDALE LIMITED PARTNERSHIP AND ROSS DRESS FOR LESS INC.)

48.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 45 above as though fully set forth herein.

49.     Defendants, 17070 COLLINS AVENUE SHOPPING CENTER, LTD.; RK HALLANDALE LIMITED PARTNERSHIP. and ROSS DRESS FOR LESS INC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  Public Restrooms

i.     The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

13

ii.    The Plaintiff could not enter the accessible toilet compartment without assistance, as the required maneuvering clearance is not provided. Violation: The accessible toilet compartment does not provide the required latch side clearance at the door violating Sections 4.13.6 and 4.17.5 of the ADAAG and Sections 404.2.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The Plaintiff could not use the toilet seat cover dispenser without assistance as it is mounted at a location where the clear floor space to access it is not provided. Violation: The clear floor space provided at elements in the restroom violates the provisions of Sections 4.2.4 and 4.27.2 of the ADAAG and Section 305.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.    The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.     The Plaintiff had difficulty using the toilet paper due to the roll not being located within a dispenser. Violation: Elements in the restroom are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

vi.    The Plaintiff was exposed to a cutting/burning hazard because the lavatory outside the accessible toilet compartment has pipes that are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

14

vii.   The Plaintiff could not use the lavatory without assistance, as objects are located underneath it. Accessible elements are not properly maintained. Violation: There are lavatories in public restrooms without the required toe clearances provided, violating the requirements in 28 CFR 36.211, Section 4.19.2 of the ADAAG, and Sections 305.4, 306.2 & 606.2 of the 2010 ADA Standards, whose resolution is readily achievable.

viii.  The Plaintiff could not use the soap dispenser without assistance, as it is mounted too high. Violation: There are dispensers provided for public use in the restroom, with controls outside the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Sections 308 & 309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT III**
**(AS TO DEFENDANTS 17070 COLLINS AVENUE SHOPPING CENTER, LTD.; RK HALLANDALE LIMITED PARTNERSHIP AND BURLINGTON COAT FACTORY WAREHOUSE CORPORATION)**

50.   The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 45 above as though fully set forth herein.

51.   Defendants, 17070 COLLINS AVENUE SHOPPING CENTER, LTD.; RK HALLANDALE LIMITED PARTNERSHIP. and BURLINGTON COAT FACTORY WAREHOUSE CORPORATION, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  Public Restrooms

i.    The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing. Violation: The accessible toilet compartment door does not provide the

features that comply with Sections 4.17.5 of the ADAAG and Section 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.     The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

<b>COUNT IV</b><br>
<b>(AS TO DEFENDANTS 17070 COLLINS AVENUE SHOPPING CENTER, LTD.; RK HALLANDALE LIMITED PARTNERSHIP AND FIVE BELOW, INC.)</b>

52.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 45 above as though fully set forth herein.

53.     Defendants, 17070 COLLINS AVENUE SHOPPING CENTER, LTD.; RK HALLANDALE LIMITED PARTNERSHIP. and FIVE BELOW, INC., have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.   Public Restrooms

i.     The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

16

ii. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet is mounted at a non-compliant distance from the side wall, violating Section 4.16.2 and Figure 28 of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

v. The Plaintiff could not transfer to the toilet without assistance, as the grab bars are not mounted at the required height. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 & Figure 29 of the ADAAG and Section 609.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vi. The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vii. The Plaintiff could not use the toilet without assistance as the seat is mounted too low. Violation: The water closet seats are mounted at a non-compliant height from the floor in

violation of Section 4.16.3 of the ADAAG and Section 604.4 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT V
## (AS TO DEFENDANTS 17070 COLLINS AVENUE SHOPPING CENTER, LTD.; RK HALLANDALE LIMITED PARTNERSHIP AND P16, LLC)

54.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 45 above as though fully set forth herein.

55.     Defendants, 17070 COLLINS AVENUE SHOPPING CENTER, LTD.; RK HALLANDALE LIMITED PARTNERSHIP. and P16, LLC, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  Access to Goods and Services

i.     There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    The Plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  Public Restrooms

i.     The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch

side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA

Standards, whose resolution is readily achievable.

ii.     The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on

the wide area. Violation: The flush valve is not mounted on the compliant side in violation of

Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution

is readily achievable.

iii.    The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at

the required location. Violation: The toilet paper dispenser is not mounted in accordance with

Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards,

whose resolution is readily achievable.

iv.     The Plaintiff could not use the soap dispenser without assistance, as it is mounted too high.

Violation: There are dispensers provided for public use in the restroom, with controls outside

the ranges prescribed in Sections 4.2.5, 4.2.6, and 4.27.3 of the ADAAG and Sections 308 &

309.3 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT VI
## (AS TO DEFENDANTS 17070 COLLINS AVENUE SHOPPING CENTER, LTD.; RK HALLANDALE LIMITED PARTNERSHIP AND 88 ZEST, LLC)

56.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through

45 above as though fully set forth herein.

57.     Defendants, 17070 COLLINS AVENUE SHOPPING CENTER, LTD.; RK

HALLANDALE LIMITED PARTNERSHIP. and 88 ZEST, LLC, have discriminated, and

continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have

accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer

employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff

encountered during his visit to the Commercial Property, include but are not limited to, the

following:

    A. <u>Access to Goods and Services</u>

i.    There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    The Plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    B. <u>Public Restrooms</u>

i.    The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    The Plaintiff could not enter the accessible toilet compartment without assistance, as the required maneuvering clearance is not provided. Violation: The accessible toilet compartment does not provide the required latch side clearance at the door violating Sections 4.13.6 and 4.17.5 of the ADAAG and Sections 404.2.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5

and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.    The Plaintiff could not transfer to the toilet without assistance, as objects are mounted below and on a grab bar obstructing its use. There is a lack of maintenance. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG, 28 CFR 36.211, and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.   The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.  The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

viii. The Plaintiff could not use the mirror, as it is mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

ix.    The Plaintiff was exposed to a cutting/burning hazard because the lavatory outside the accessible toilet compartment has pipes that are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained outside the accessible toilet compartment violating Section 4.19.4 of the ADAAG and Sections 213.3.4 & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT VII**
**(AS TO DEFENDANTS 17070 COLLINS AVENUE SHOPPING CENTER, LTD.; RK HALLANDALE LIMITED PARTNERSHIP AND WES TAYTA CORPORATION)**

58.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 45 above as though fully set forth herein.

59.    Defendants, 17070 COLLINS AVENUE SHOPPING CENTER, LTD.; RK HALLANDALE LIMITED PARTNERSHIP. and WES TAYTA CORPORATION, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  Access to Goods and Services

i.    There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

B.  Public Restrooms

i.    The Plaintiff could not enter the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch

side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    The Plaintiff had difficulty using the doorknob and the locking mechanism on the restroom door without assistance, as they require tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 1½" below a grab bar obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26.2 of the ADAAG and Section and 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT VIII**
**(AS TO DEFENDANTS 17070 COLLINS AVENUE SHOPPING CENTER, LTD.; RK HALLANDALE LIMITED PARTNERSHIP AND VISTAR HALLANDALE LLC)**

60.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 45 above as though fully set forth herein.

61.    Defendants, 17070 COLLINS AVENUE SHOPPING CENTER, LTD.; RK HALLANDALE LIMITED PARTNERSHIP. and VISTAR HALLANDALE LLC, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.   Access to Goods and Services

23

i.    The Plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**Public Restrooms**

i.    The Plaintiff could not enter the accessible toilet compartment without assistance, as the required maneuvering clearance is not provided. Violation: The accessible toilet compartment does not provide the required latch side clearance at the door violating Sections 4.13.6 and 4.17.5 of the ADAAG and Sections 404.2.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.  The Plaintiff could not close the door in the accessible toilet compartment, as it is hanging loose from its hinges and not properly maintained. Accessible elements at the facility are not readily accessible and usable by persons with disabilities, violating 28 CFR 36.211, whose resolution is readily achievable.

iv.   The Plaintiff could not use the toilet seat cover dispenser without assistance as it is mounted at a location where the clear floor space to access it is not provided. Violation: The clear floor space provided at elements in the restroom violates the provisions of Sections 4.2.4 and 4.27.2

of the ADAAG and Section 305.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.    The Plaintiff could not transfer to the toilet without assistance, as a trashcan obstructed the clear floor space. Violation: The required clear floor space is not provided next to the toilet, violating Section 4.16.2 & Figure 28 of the ADAAG, 28 CFR 36.211, and 604.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT IX**
**(AS TO DEFENDANTS 17070 COLLINS AVENUE SHOPPING CENTER, LTD.; RK HALLANDALE LIMITED PARTNERSHIP AND PANERA, LLC)**

62.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 45 above as though fully set forth herein.

63.    Defendants, 17070 COLLINS AVENUE SHOPPING CENTER, LTD.; RK HALLANDALE LIMITED PARTNERSHIP. and PANERA, LLC, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.  Public Restrooms

i.    The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing. Violation: The accessible toilet compartment door does not provide the features that comply with Sections 4.17.5 of the ADAAG and Section 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.    The Plaintiff had difficulty using the rear grab bar in the accessible toilet compartment, as the toilet is mounted less than 1 1/2" below it, obstructing its use. Violation: The grab bars do not

comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

## COUNT X
### (AS TO DEFENDANTS 17070 COLLINS AVENUE SHOPPING CENTER, LTD.; RK HALLANDALE LIMITED PARTNERSHIP AND BIG LOTS STORES, INC)

64.      The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 45 above as though fully set forth herein.

65.      Defendants, 17070 COLLINS AVENUE SHOPPING CENTER, LTD.; RK HALLANDALE LIMITED PARTNERSHIP. and BIG LOTS STORES, INC, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

      A.  Access to Goods and Services

i.    There are drinking fountains that don't provide access to those who have difficulty bending or stooping. Violation: There are drinking fountains that are in violation of Section 4.1.3(10) of the ADAAG and Sections 211.2 & 602.7 of the 2010 ADA Standards, whose resolution is readily achievable.

      B.  Public Restrooms

i.    The Plaintiff could not exit the restroom area without assistance, as the required maneuvering clearance was not provided due to the location of a trashcan. Violation: The restroom area door does not provide the required latch side clearance due to a lack of maintenance violating Section 4.13.6 of the ADAAG, 28 CFR 36.211, and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

26

ii.    The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.    The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing. Violation: The accessible toilet compartment door does not provide the features that comply with Sections 4.17.5 of the ADAAG and Section 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT XI**
**(AS TO DEFENDANTS 17070 COLLINS AVENUE SHOPPING CENTER, LTD.; RK HALLANDALE LIMITED PARTNERSHIP AND ICE CREAM OF HALLANDALE LLC)**

66.    The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 45 above as though fully set forth herein.

67.    Defendants, 17070 COLLINS AVENUE SHOPPING CENTER, LTD.; RK HALLANDALE LIMITED PARTNERSHIP. and ICE CREAM OF HALLANDALE LLC, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   A list of the violations that Plaintiff encountered during his visit to the Commercial Property, include but are not limited to, the following:

A.    Access to Goods and Services

i.   There is seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

B.   Public Restrooms

i.   There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   The Plaintiff could not flush the toilet without assistance, as the flush valve is not mounted on the wide area. Violation: The flush valve is not mounted on the compliant side in violation of Section 4.16.5 of the ADAAG and Section 604.6 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   The Plaintiff could not transfer to the toilet without assistance, as the rear grab bar is not the required length. Violation: The grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Section 604.5.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.   The Plaintiff could not use the toilet paper dispenser without assistance, as it is not mounted at the required location. Violation: The toilet paper dispenser is not mounted in accordance with Section 4.16.6 and Figure 29 of the ADAAG and Section 604.7 of the 2010 ADA Standards, whose resolution is readily achievable.

v.   The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or maintained violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

68.     The discriminatory violations described in Counts I through XI of this Complaint are not an exclusive list of the Defendants' ADA violations.   Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, DOUG LONGHINI, from further ingress, use, and equal enjoyment of the Commercial Business and businesses located within the Commercial Property; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.   A complete list of the Subject Premises' ADA violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

69.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants, Defendants' buildings, businesses and facilities; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above.   The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

70.     Defendants have discriminated against the individual Plaintiff by denying him

29

access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

71.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.   Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff.   Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

72.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public accommodation, The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, The Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

73.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees

and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendants.

74.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendants operates its businesses, located at and/or within the commercial property located at 1401 E. Hallandale Beach Boulevard, Hallandale, the exterior areas, and the common exterior areas of the Commercial Property and businesses located within the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, The Plaintiff, DOUG LONGHINI, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendants at the commencement of the subject lawsuit were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: July 7, 2020

**GARCIA-MENOCAL & PEREZ, P.L.**
*Attorneys for Plaintiff*
4937 S.W. 74th Court
Miami, Florida 33155
Telephone: (305) 553-3464
Facsimile: (305) 553-3031
Primary E-Mail: ajperez@lawgmp.com
Secondary E-Mails: bvirues@lawgmp.com
                          aquezada@lawgmp.com

By: ____/s/ Anthony J. Perez_____
      ANTHONY J. PEREZ
      Florida Bar No.: 535451
      BEVERLY VIRUES
      Florida Bar No. 123713